J-S96003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY PHILLIP PELUSO, | |
| Appellant | No. 1283 WDA 2015 |

Appeal from the Judgment of Sentence Entered July 9, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014213-2014

BEFORE:  BENDER, P.J.E., BOWES, J., and SOLANO, J.

DISSENTING MEMORANDUM BY BENDER, P.J.E.:    **FILED MARCH 23, 2017**

Because I disagree with the Majority that we cannot assess Appellant's ineffectiveness claim as the record currently stands, I respectfully dissent.

The trial court conducted a hearing on Appellant's claim of ineffectiveness.  At that proceeding, the Commonwealth never challenged the trial court's decision to hold the hearing, nor at any point argued that *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013), or *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), precluded post-sentence review of Appellant's ineffectiveness claim.  Rather, the Commonwealth argues this position for the first time on appeal.  Additionally, the Majority does not cite any legal authority to support its conclusion "that the procedural rule established in *Grant* and modified in *Holmes* must be observed in order for this Court to *exercise jurisdiction* over a claim of ineffective assistance of

counsel on direct appeal." Majority Decision at 4 (emphasis added). In my view, *Holmes* did not hold, explicitly or implicitly, that the 'procedural rules' it announced were jurisdictional prerequisites to reviewing an ineffectiveness claim on direct appeal.

In sum, the issue of Appellant's waiving his right to collateral review was not raised below, and a record was made regarding his ineffectiveness claim, so as to permit this Court's meaningful review of the issue he raises on appeal. In light of these circumstances, I believe remanding this case for Appellant to complete a waiver of his right to further collateral review is unnecessary. Therefore, I dissent.